JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-09301 DMG (FMOx) | Date | November 14, 2011 |
| Title | *Bank of America, N.A. v. Carole R. Pinkney-Hart, et al.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT**

On or about October 3, 2011, Plaintiff Bank of America, N.A. filed a complaint in Los Angeles County Superior Court for unlawful detainer against Defendant Carole R. Pinkney-Hart and Does "I" through "X." Plaintiff seeks possession of real property and restitution for Defendant's use and occupancy of the property in the amount of $150 per day starting on September 20, 2011. (Compl. at 3.) Defendant removed the case to this Court on November 8, 2011, asserting subject matter jurisdiction on the basis of a federal question, 28 U.S.C. § 1331.

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)). There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

The complaint raises no federal question. Defendant asserts that this action "may ostensibly appear on its face to be a simple summary possession lawsuit for unlawful detainer," but "actually places the issue of 'perfected' title at issue." (Notice of Removal at 3.) To the contrary, "[u]nlawful detainer actions are . . . of limited scope, generally dealing only with the issue of right to possession and not other claims between the parties, even if related to the property." *Larson v. City and County of S.F.*, 192 Cal. App. 4th 1263, 1297, 123 Cal. Rptr. 3d 40 (2011) (citing *Birkenfeld v. City of Berkeley*, 17 Cal. 3d 129, 151, 130 Cal. Rptr. 465 (1976)). Even if Defendant could place Plaintiff's title at issue in a defense or counterclaim, federal jurisdiction cannot rest upon such a basis. *Vaden v. Discover Bank*, __ U.S. __, 129 S.Ct. 1262, 1272, 173 L.Ed.2d 206 (2009).

| | | |
|---|---|---|
| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk vv |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 11-09301 DMG (FMOx) | Date | November 14, 2011 |
| Title | Bank of America, N.A. v. Carole R. Pinkney-Hart, et al. | Page | 2 of 2 |

     Nor does the complaint reveal any possibility of diversity jurisdiction. The amount in controversy is well below the $75,000 jurisdictional threshold for diversity jurisdiction. The caption of the underlying state court complaint clearly states that the amount of damages sought by Plaintiff does not exceed $10,000.

     Defendant argues that this case should be consolidated with another case currently pending in this district, *Hart v. Countrywide Home Loans* ("*Hart I*"), No. CV 11-08811 JHN (PLAx) (C.D. Cal. filed Oct. 24, 2011). Consolidation, however, presupposes jurisdiction. Even if this case is sufficiently related to *Hart I* to warrant consolidating these two cases for administrative convenience, *see* Fed. R. Civ. P. 42, there must still be a basis for the Court to exercise jurisdiction over this action in the first place. *See Or. Egg Producers v. Andrew*, 458 F.2d 382, 383 (9th Cir. 1972) (*per curiam*) (holding that case improperly removed to federal district court cannot be consolidated with related case already pending there).

     As Defendant has not established a basis for subject matter jurisdiction, this action is hereby **REMANDED** to Los Angeles County Superior Court.

**IT IS SO ORDERED.**